## No. 9678.

### SUCCESSIONS OF ZENON AND ELISE LABAUVE.

### AUSTIN HUNT ET AL. VS. C. A. BRUSLÉ ET ALS.

An appeal taken from an order refusing to dissolve an injunction on the face of the papers, is not maintainable.

The rule is in the nature of an exception of no cause of action.  It is merely an interlocutory order requiring no execution, producing no effect.  Its rendition can work no irreparable injury, the less so when the injunction simply arrests funds in the hands of the executive officer of the court.

APPEAL from the Twenty-third District Court, Parish of Iberville.    Talbot, J.

A. Talbot and Jonas & Nixon for the Administrator, Appellant.

D. N. Barrow, A. Hebert and F. E. Grau, contra.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   It is urged that, as the judgment appealed from is merely interlocutory and works no irreparable injury, the appeal must be dismissed.

The suit has for its object the removal of an administrator, at the instance of creditors, and the appointment of a successor to him when displaced.

The petition avers that there are certain funds in the sheriff's hands which should not be paid over to the administrator, for reasons stated.

On affidavit and bond, the court allowed an injunction to prevent the sheriff from paying those funds over to the succession representative, whose removal is sought.

A rule was taken to dissolve this injunction on the face of the papers, no sufficient cause having been shown to justify the issuing of it.

This rule, after hearing, was dismissed, and the judgment thus rendered is brought up for review.

This judgment is purely interlocutory and not such as can cause any irreparable injury.

It can be revised on appeal from the main judgment, should one be rendered against the defendant.

It merely retains in the hands of the executive officer of the court the proceeds of sales made by him and, for the payment of which to who may be entitled to receive them, he and his sureties are liable.

The rule is in the nature of an exception of no cause of action.

It has been held that a judgment dismissing a rule to dissolve an injunction on the face of the papers, or exceptions having the same purport, are interlocutory orders which can cause no irremediable wrong and which are not appealable anterior to a judgment on the merits. 7 Ann. 206; 14 Ann. 388; 3 R. 437.

Appeal dismissed.

Poché, J., takes no part in this case.